UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-24390

DS HEALTHCARE GROUP, INC.
and MEDITAGO HOLDINGS LLC,

    Plaintiffs,

v.

WALMART, INC., a Delaware
Corporation; and UKNOWN
DISTRIBUTOR, an Individual,
Partnership, Business Entity,
or Unincorporated Association,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, DS HEALTHCARE GROUP, INC. ("DS Healthcare") and MEDITAGO HOLDINGS, LLC ("MEDITAGO") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby sue Defendants WALMART INC. and UNKNOWN DISTRIBUTOR. In support of their claims, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This is an action for federal trademark infringement, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§1114, 1116, and 1125(a), The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiffs' state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendants are subject to personal jurisdiction in this district because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the Defendants are, upon information and belief, entities located in the United States of America, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, and/or selling infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## **THE PLAINTIFFS**

4. Plaintiff MEDITAGO is a Delaware limited liability company with its principal place of business located in Miami, Florida. MEDITAGO is the owner of various trademarks in the field of haircare, skincare, and cosmetics, including the distinctive DS Laboratories, Revita, and Spectral trademarks.

5. Plaintiff DS HEALTHCARE GROUP, INC. is a Florida corporation with its principal place of business in Miami, Florida. DS HEALTHCARE GROUP, INC. manufactures, sells and distributes haircare, skincare, and cosmetic products (the "Products") out of its South Florida headquarters, under exclusive license from Plaintiff MEDITAGO to commercialize MEDITAGO trademarks throughout various territories around the globe.

6. Plaintiffs' trademarked Products are sold through various channels of trade within the State of Florida, including in this district.

7. Defendants, through the sale and offer to sell infringing versions of Plaintiffs' branded products, are directly and unfairly competing with Plaintiffs' economic interests in the State of Florida and thereby causing Plaintiffs harm within this jurisdiction.

## THE PRODUCTS

8. Generally, Plaintiffs' Products that are destined for territories outside of the United States are materially different in various respects from Products that are destined for the United States and are therefore infringing products when sold within United States territory (the "Infringing Products"). *Davidoff & Cie, SA v. PLD International Corp.*, 263 F.3d 1297, 1302 (11th Cir. 2001) ("[A] materially different product is not genuine and therefore its unauthorized sale constitutes trademark infringement.").

9. The Defendants are engaging in trademark infringement and unfair competition by selling the Infringing Products on the Internet in the United States.

10. Further, the Defendants are using Plaintiffs' famous names and/or trademarks to drive Internet consumer traffic to their lower-priced infringing product, decreasing the size and value of Plaintiffs' legitimate marketplace at Plaintiffs' expense.

11. Upon information and belief, the Defendants directly engage in unfair competition with Plaintiffs by advertising, offering for sale, and selling Infringing Products to consumers within the United States and this district through Internet-based e-commerce stores.

## THE WALMART DEFENDANT

12. WALMART INC. ("Walmart") is a corporation which operates in this jurisdiction and redistributes products from third party sources within this jurisdiction.

13. Walmart has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Walmart targets its business activities towards consumers throughout the United States,

including within this district, through the operation of Internet e-commerce stores via the online marketplace website Walmart.com.

## THE UNKNOWN DISTRIBUTOR DEFENDANT

14. The Defendant UNKNOWN DISTRIBUTOR is an individual and/or business entity of unknown makeup, which, upon information and belief, either resides or operates in a foreign jurisdiction, or redistributes products from the same or similar sources in those locations. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendant targets their business activities towards consumers throughout the United States, including within this district.

15. Upon information and belief, the UNKNOWN DISTRIBUTOR solicited and initiated a wholesaler account with Walmart under the guise of DS Healthcare (Plaintiff).

16. The UNKNOWN DISTRIBUTOR is not an affiliate of Plaintiff, and Plaintiff never authorized the UNKNOWN DISTRIBUTOR to enter into a wholesaler relationship with Walmart as such.

17. The UNKNOWN DISTRIBUTOR successfully manipulated Walmart into purchasing Infringing Products to sell on Walmart.com.

18. Based on information and belief, the UNKNWON DISTRIBUTOR fraudulently held itself out as Plaintiffs' wholesaler to the detriment of Plaintiffs' goodwill, famous names, trademarks, intellectual property and marketplace.

19. Defendant UNKNOWN DISTRIBUTOR is the past and present controlling force behind the sale of products bearing infringements of Plaintiffs' trademarks as described herein.

20. The UNKNOWN DISTRIBUTOR further directly engages in fraudulent business practices to the Plaintiffs' detriment by advertising, offering for sale, and selling Plaintiffs'

4

Products to consumers within the United States and this district through Internet-based e-commerce stores such as Walmart.com.

## COMMON ALLEGATIONS OF FACT

21. Plaintiff MEDITAGO is the owner of various trademarks in the field of haircare, skincare, and cosmetics, including the distinctive DS Laboratories and Revita trademarks, which are generally marketed under the distinctive "DS Laboratories" label.

22. MEDITAGO is the owner of multiple trademark registrations as reflected in the United States Patent and Trademark Office ("USPTO") for the "DS Laboratories" trademarks, including the valid registrations identified on Schedule "A" hereto, which include the registered trademarks that are affected by the actions of the Defendants named herein.

23. Based upon its distribution licenses, Plaintiff DS HEALTHCARE GROUP, INC. has expended significant resources in developing, marketing, advertising, and otherwise promoting its brand and trademarks.

24. Plaintiffs have carefully monitored and policed the use of their trademarks and have never assigned or licensed their trademarks to any Defendant in this matter

25. In or around October of 2023, Plaintiffs discovered that the Defendants are promoting, selling, offering for sale and distributing the Infringing Products within the United States without the authorization of Plaintiffs, including through the Walmart.com e-commerce platform. The origin of the Infringing Products sold through the e-commerce platform are unknown.

26. Plaintiffs have ordered test sample products from Defendants in order to verify that the products being sold by Defendants are indeed Infringing Products.

27. Examples of the Infringing Product listings representing products acquired from Defendant UNKNOWN DISTRIBUTOR, sold by Defendant WALMART on Walmart.com, and subsequently delivered to Plaintiffs' representatives are attached as Composite Exhibit "2."

28. Generally, Plaintiffs' Products that are destined for territories outside of the United States (the "International Products") are materially different in various respects from Products that are destined for the United States. For instance, Plaintiffs' International Products generally have different labels, in different languages, setting out different information and legally required indicators. Further, International Products contain ingredient labels that differ from United States Products based upon regulatory and consumer considerations. Finally, Plaintiffs' International Products are packaged for retail sales rather than online sales. Consequently, a U.S. consumer purchasing Infringing Product from a Defendant would receive product with information and labels that are not meant for U.S. consumers, and would receive product that is not packaged for online sale in the manner that Plaintiff DS HEALTHCARE GROUP, INC. packages its e-commerce products.

29. Plaintiffs were readily able to ascertain that the Infringing Products delivered by Walmart are Plaintiffs' European Products.

30. The European Products that are being sold to United States consumers by the Defendants have different packaging and labels, which Plaintiffs' customers expect when they buy DS HEALTHCARE Products. As a result, consumers purchasing the products from the Defendants are likely to be confused, eroding consumer goodwill towards the Products.

31. The Defendants, through the sale and offer to sell infringing versions of Plaintiffs' branded products, are directly and unfairly competing with Plaintiffs' economic interests in the State of Florida and causing Plaintiffs harm within this jurisdiction. The Plaintiffs are seeking

injunctive and other equitable relief as a result of the actions of the Defendants. A *Verified Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Memorandum of Law in Support Thereof* is being filed contemporaneously with this *Complaint*.

32. All conditions precedent to bringing this action have been waived, excused, performed, or otherwise occurred.

## GENERAL ALLEGATIONS

33. Plaintiff MEDITAGO is the owner of multiple trademark registrations, including the valid trademark registrations identified on Schedule "A" hereto, issued by the United States Patent and Trademark Office (collectively, the "Marks"). True and correct copies of the Certificates of Registration for the Marks are attached as Composite Exhibit "1" hereto.

34. The Marks have been used in interstate commerce to identify and distinguish Plaintiffs' products for an extended period of time and serve as a symbol of Plaintiffs' quality, reputation and goodwill. The Marks are well-known and famous and have been for many years. Indeed, Plaintiffs have expended substantial time, money and other resources developing, advertising and otherwise promoting the Marks. The Plaintiffs' Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

35. Plaintiffs have extensively used, advertised, and promoted the Marks in the United States and abroad in association with the sale of quality products.

36. The Plaintiffs' Marks have achieved secondary meaning as identifiers of quality goods as a result of Plaintiffs' advertisement, promotion, and sale of such goods thereunder.

37. As a result of Plaintiffs' efforts, members of the public readily identify merchandise bearing or sold under the Marks as being quality products.

38. The Defendant UNKNOWN DISTRIBUTOR is obtaining Infringing Products that are destined for international markets through unknown means, which are being sold by WALMART through Walmart.com.

## CAUSES OF ACTION

### COUNT I
### TRADEMARK INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT
### (15 U.S.C. § 1114)

39. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 38 hereof as if fully set forth herein.

40. This is an action for trademark infringement against all Defendants based on their use and unauthorized promotion, advertisement, distribution, offer for sale and sale of products bearing Plaintiffs' Marks in commerce, which products are materially different than those sold by Plaintiffs in the United States.

41. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing products that infringe upon one or more of Plaintiffs' Marks. Defendants are continuously infringing and inducing others to infringe the Marks by using one or more of them to advertise, promote, offer to sell, and/or sell infringing products.

42. Defendants' concurrent infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' infringing goods.

43. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiffs and are unjustly enriching Defendants with profits at Plaintiffs' expense.

44. Defendants' above-described illegal actions constitute infringement of Plaintiffs' Marks in violation of Plaintiffs' rights under § 32 of the Lanham Act, 15 U.S.C. § 1114. *Davidoff & Cie, SA v. PLD International Corp.*, 263 F.3d 1297, 1302 (11th Cir. 2001) ("[A] materially different product is not genuine and therefore its unauthorized sale constitutes trademark infringement.").

45. Plaintiffs' have suffered and will continue to suffer irreparable injury and damages due to Defendants' above-described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

## COUNT II
## COMMON LAW UNFAIR COMPETITION

46. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 38 hereof as if fully set forth herein.

47. This is an action against all Defendants based on their unauthorized promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks that infringe upon Plaintiffs' Marks in violation of Florida's common law of unfair competition.

48. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing one or more of Plaintiffs' Marks that constitute trademark infringement based on the fact that the products are materially different than those offered and sold by Plaintiffs in the United States. Defendants are also using infringements of one or more of the Plaintiffs' Marks to unfairly compete with Plaintiffs and others for (i) space in search engine results across an array of search terms and/or (ii) visibility on the Internet.

49. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Plaintiff's Marks.

50. Plaintiffs have no adequate remedy at law and are suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

51. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 38 hereof as if fully set forth herein.

52. This is an action for common law trademark infringement against all Defendants based on their unauthorized promotion, advertisement, offering for sale, and sale of goods bearing one or more of the Plaintiffs' Marks that are materially different than the products offered and sold by Plaintiffs within the United States. Plaintiffs are the owners of all common law rights in and to the Marks.

53. Defendants' infringing activities are likely to cause and are actually causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' infringing goods bearing Plaintiffs' Mark.

54. Plaintiffs have no adequate remedy at law and are suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DS Healthcare Group, Inc. and Meditago Holdings LLC demand judgment on all counts of this Complaint and an award of equitable relief and monetary relief against the Defendants as follows:

a. Entry of temporary restraining order, as well as preliminary and permanent injunction, enjoining the Defendants, their agents, representatives, servants, employees and all those acting in concert or participation therewith, from selling or offering to sell Plaintiffs' Products without Plaintiffs' authorization; from falsely representing to Walmart and other Internet e-commerce outlets that Defendant UNKNOWN DISTRIBUTOR is an authorized e-commerce distributor of the Plaintiffs; and from otherwise unfairly competing with Plaintiffs.

b. Entry of an order pursuant to 28 U.S.C. 1651(a), The All Writs Act, requiring the Seller Identifications, and any other alias seller identification names being used or controlled by the UNKNOWN DISTRIBUTOR to engage in the business of marketing Plaintiffs' unauthorized products be disabled by Defendant WALMART and the applicable governing Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including Walmart.com.

c. Entry of an Order that requiring that WALMART immediately cease fulfillment of and sequester all Products from the Defendants and surrender those goods to Plaintiffs.

d. Entry of an order requiring Defendants to account to and pay Plaintiffs for all profits and damages resulting from Defendants' infringement and unfairly competitive activities.

e. Entry of an order that, upon Plaintiffs' request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Walmart and their related

companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Defendants' sale of infringing products presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) to be surrendered to Plaintiffs in partial satisfaction of the monetary judgment entered herein.

f. Entry of an award of pre-judgment interest on the judgment amount.

g. Entry of an order for any further relief as the Court may deem just and proper.

Dated: November 16, 2023.

Respectfully submitted,

**RECALDE LAW FIRM, P.A.**
*Attorneys for Plaintiffs*
1815 Purdy Ave, Second Floor
Miami Beach, FL 33139
Ph: 305-792-9100
By: /s/ Rafael Recalde
Rafael Recalde, Esq.
FBN: 60040
Geremy Klein, Esq.
FBN: 106981
Primary Email: rafael@recaldelaw.com
Secondary Email: geremy@recaldelaw.com

SCHEDULE "A"

Schedule of Certain Meditago Holdings LLC Trademarks

| Mark | Serial Number | Registration Number |
| --- | --- | --- |
| DS Laboratories | | 3460674, 4758774 |
| Revita | | 3518989 |
| DS Labs | | 5200746 |